# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:16-cv-746<br><br><br><br>PATENT CASE<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Valve Corporation ("Valve"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of application management in a computer network.

4. Upon information and belief, Valve is a Washington corporation having a principal place of business in Bellevue, Washington and offering its products, including those

accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Valve may be served with process through its registered agent: Corpserve, Inc., 1001 4th Avenue, Suite 4500, Seattle, Washington 98154.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Valve is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7. Valve is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON

A NETWORK that issued on November 27, 2001.  A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following describes, at least in part, how Valve's Steam gaming platform works:



12. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



13. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



14. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



15. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



4

16. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



17. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



18. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



19. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



20. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



21. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



22. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



23. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



24. Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:

7

> Who should submit their games to Steam Greenlight? Is there another way to submit my game to Steam?
> Steam Greenlight has replaced our previous submission process. Any developer or publisher who is new to Steam and interested in submitting their game to the platform should submit their game through Steam Greenlight.

25.     Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:



26.     Upon information and belief, the following describes, at least in part, how the Steam gaming platform works:

> **DRM**
> Steamworks Digital Rights Management wraps your game's compiled executable and checks to make sure that it is running under an authenticated instance of Steam. This DRM solution is the same as the one used to protect games like Half-Life 2 and Counter-Strike: Source. Steamworks DRM has been heavily road-tested and is customer-friendly.

27.     Valve has directly infringed, and continues to directly infringe one or more claims of the '578 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 6-8, 11, 22-24, 27, 32, 37-39 and 42 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Steam gaming platform during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing application programs having a plurality of configurable preferences and

authorized users on a network, distributing an application launcher program to a user, the user obtaining a set of configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

28. In addition, should the Steam gaming platform be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent. More specifically, the accused software/system performs substantially the same function (making computer games available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (distributing application programs to a target on-demand server on a network). Valve would thus be liable for direct infringement under the doctrine of equivalents.

29. Valve has indirectly infringed and continues to indirectly infringe at least claims 1, 6-8, 11, 22-24, 27, 32, 37-39 and 42 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Steam gaming platform. Valve's customers who possess the Steam gaming platform and use such application in accordance with Valve's instructions directly infringe one or more of the forgoing claims of the '578 Patent in violation of 35 U.S.C. § 271. Valve directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.valvesoftware.com
- www.store.steampowered.com
- https://steamcommunity.com

Valve is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

30. Valve has indirectly infringed and continues to indirectly infringe at least claims 1, 6-8, 11, 22-24, 27, 32, 37-39 and 42 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Steam gaming platform, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

31. For example, the Steam gaming platform is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Steam gaming platform is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Valve is, therefore, liable for infringement under 35 U.S.C. § 271(c).

32. Valve will have been on notice of the '578 Patent since, at the latest, the service of this complaint upon Valve. By the time of trial, Valve will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 6-8, 11, 22-24, 27, 32, 37-39 and 42 of the '578 Patent.

33. Valve may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Steam gaming platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

34. Uniloc has been damaged, reparably and irreparably, by Valve's infringement of the '578 Patent and such damage will continue unless and until Valve is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

35. Uniloc incorporates paragraphs 1-34 above by reference.

36. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006. A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

37. Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38. Valve has directly infringed, and continues to directly infringe one or more claims of the '293 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 12 and 17, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Steam gaming platform during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration and distributing the file packet to the target on-demand server to make the program available for use by a client user.

39. In addition, should the Steam gaming platform be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted

claims of the '293 Patent. More specifically, the accused Steam gaming platform performs substantially the same function (distributing application programs to a target on-demand server on a network), in substantially the same way (via a client/server environment to target on-demand users), to yield substantially the same result (making application programs available for use by target on-demand users). Valve would thus be liable for direct infringement under the doctrine of equivalents.

40. Valve has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Steam gaming platform. Valve's customers who possess the Steam gaming platform and use such application in accordance with Valve's instructions directly infringe one or more of the forgoing claims of the '293 Patent in violation of 35 U.S.C. § 271. Valve directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.valvesoftware.com
- www.store.steampowered.com
- https://steamcommunity.com

Valve is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

41. For example, the Steam gaming platform is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Steam gaming platform is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Valve is, therefore, liable for infringement under 35 U.S.C. § 271(c).

42. Valve will have been on notice of the '293 Patent since, at the latest, the service of this complaint upon Valve. By the time of trial, Valve will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

43. Valve may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Steam gaming platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

44. Uniloc has been damaged, reparably and irreparably, by Valve's infringement of the '293 Patent and such damage will continue unless and until Valve is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Valve as follows:

(A)  that Valve has infringed the '578 Patent and the '293 Patent;

(B)  awarding Uniloc its damages suffered as a result of Valve's infringement of the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 284;

(C)  enjoining Valve, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 283;

(D)  awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)  granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: July 8, 2016                                Respectfully submitted,

       */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500
Facsimile: (617) 951-3927
Email: pjh@c-m.com
Email: kgannon@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**